# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

LONNIE R. ROLLINS, §
§
    Plaintiff, §
§
v. §     Civil Action No. 7:17-cv-00136-BP
§
NANCY A. BERRYHILL, §
Deputy Commissioner for Operations, §
Social Security Administration, §
§
    Defendant. §

## <u>MEMORANDUM AND OPINION</u>

Plaintiff Lonnie R. Rollins ("Rollins") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his applications for disability insurance benefits under Titles II and XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the Court **REVERSES** the Commissioner's decision and **REMANDS** this action for further proceedings.

## I.    STATEMENT OF THE CASE

Rollins filed his applications for disability benefits on July 30, 2014. Tr. 15. He alleged a disability onset date of July 25, 2014. *Id.* Rollins alleged limiting conditions of hypertension, COPD, hepatitis C, depression, chest pain, stroke, anxiety, bipolar disorder, and insomnia. Tr. 280. The Commissioner initially denied him benefits on November 24, 2014. Tr. 129–30. The Commissioner denied him benefits upon reconsideration on April 21, 2015. Tr. 145–46. Rollins requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before ALJ Angelita Hamilton on April 27, 2016. Tr. 15. Rollins appeared in Wichita Falls, Texas, and

the ALJ presided over the hearing from Oklahoma City, Oklahoma. *Id.* A non-attorney representative, Jeffrey L. Owen, represented Rollins at the hearing. *Id.* Vocational Expert ("VE") David D. Couch testified at the hearing. *Id.* The ALJ issued her decision on May 26, 2016, finding that Rollins was not entitled to disability benefits. Tr. 30–31.

In her decision, the ALJ employed the statutory five-step analysis. At step one, she found that Rollins had not engaged in substantial gainful activity since July 25, 2014, the amended alleged disability onset date. Tr. 17, Finding 2. At step two, the ALJ found that Rollins had the severe impairments of COPD, diabetes, affective disorder, and substance addiction disorder. Tr. 17, Finding 3. At step three, the ALJ found that Rollins's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404(P)(1). Tr. 24, Finding 4. The ALJ therefore determined that Rollins had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he should be limited to occasional exposure to environmental irritants such as fumes, odors, dusts, and gases; and his work must be limited to simple, routine, and repetitive tasks. Tr. 25, Finding 5.

At step four, the ALJ found that Rollins was unable to perform any past relevant work. Tr. 29, Finding 6. At step five, the ALJ found that there existed a significant number of jobs in the national economy that Rollins could perform. Tr. 29, Finding 10. In particular, the ALJ noted the jobs of mail sorter, collator operator, and hand packer, based on the testimony of the VE. Tr. 30. The ALJ found that Rollins was not under a disability at any time from July 25, 2014, through the date of her decision on May 26, 2016. Tr. 30–31, Finding 11.

The Appeals Council denied Rollins's request for review on July 24, 2017. Tr. 1–6. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he

Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.     FACTUAL BACKGROUND

Rollins was born on December 2, 1963, and he was fifty years old at the time of the hearing. Tr. 42. The highest grade of schooling he completed was the seventh grade. Tr. 78. The VE testified that Rollins had past work as a derrick worker. Tr. 87.

## III.     STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to gain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the

claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts

in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.    ANALYSIS

The Court identified five separate issues on appeal: (A) whether the ALJ erred in evaluating Rollins's subjective complaints; (B) whether the ALJ applied an erroneous severity standard; (C) whether the ALJ erred in not considering Rollins's hypertension as an impairment or its effects on his RFC; (D) whether the ALJ erred by according substantial weight to the state agency medical consultants' ("SAMCs")  opinions; and (E) whether the ALJ failed to account for Rollins's moderate difficulties in concentration, persistence, or pace, in her question to the VE or her RFC determination.

**A.      The ALJ did not err in evaluating Rollins's subjective complaints, as the evidence did not clearly favor Rollins.**

In Rollins's first argument, he challenges the ALJ's finding in her RFC determination that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the objective medical evidence and other evidence." Tr. 28; ECF No. 19 at 12. Rollins argues that the ALJ erred by not detailing her reasons for this finding, and he additionally argues that the record does not support the finding. ECF No. 19 at 12–15.

In support of this position, Rollins first cites Social Security Regulation ("Regulation") 16-3p, which states that the "determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2016 WL 1119029 (Mar. 16, 2016). The Social Security Administration's rulings are not binding on this Court, though they may be consulted if the statute at issue provides little guidance. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).

"[T]he law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). The ALJ fulfilled this requirement by clearly stating that she found Rollins's subjective complaints inconsistent with the evidence. *See* Tr. 28. Rollins also argues, based on *Falco*, that an ALJ "must articulate reasons for rejecting the claimant's subjective complaints." ECF No. 19 at 12. *Falco*, however, only stands for the proposition that "*when the evidence clearly favors the claimant*, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain." 27 F.3d at 163 (emphasis added). Rollins does not argue that the evidence clearly favors him, and as such *Falco*'s holding does not grant him reversal.

In any case, the ALJ did in fact articulate her reasons for rejecting Rollins's subjective complaints. After stating that Rollins's subjective complaints were inconsistent with the evidence, she noted a significant amount of evidence from the record that showed that Rollins was not as limited as he claimed and could perform work with the RFC that the ALJ determined. Tr. 28. Among other evidence, she noted that he was able to ride the bus and had a driver's license, though it was expired; that he did household chores such as dishes, sweeping, cooking, and laundry; that he goes to church and is socially active; that he fishes, plays guitar, and writes songs; that he can pick up coins, button and zip his clothes, and tie his shoes; and that he can lift fifteen pounds and walk one block. Tr. 28. While it is true, as Rollins argues, that the ALJ did not explain with particularity how each piece of evidence was inconsistent with her finding, Rollins cites no legal authority for the proposition that the ALJ was required to provide a greater degree of analysis than she did. *See* ECF No. 19 at 13. Though the ALJ was not required to articulate her reasons for rejecting Rollins's subjective complaints, she did in fact articulate them.

Rollins then argues that select pieces of the medical evidence contradict the ALJ's finding

that he is not more limited than the requirements of light work. ECF No. 19 at 13–18. These arguments are essentially requests that the Court reweigh the evidence and assign more weight or a different meaning to individual medical reports, diagnoses, or other pieces of evidence than the ALJ did. For example, Rollins points out that he was diagnosed with diabetic neuropathy and then cites to a medical website not in the evidence for the proposition that this diagnosis contradicts his RFC. *Id.* at 13–14. He similarly notes parts of the record that, he argues, show that the ALJ did not fully consider the effects of his hypertension and his activities of daily life. *Id.* at 15–18. Rollins additionally accuses the ALJ of misrepresenting the record by her statements that Rollins testified he had not sought medical treatment for his COPD at the time of the hearing and that Rollins would not accept any medications but narcotics, but, as the Commissioner points out, these statements do in fact have support in the record. *Compare id.* at 16–17 *with* Tr. 73, 456.

None of the arguments made above are proper challenges to the ALJ's RFC. Rather, they are arguments that the ALJ did not give enough weight to those parts of the record (either by her focus on them or her interpretation of them) that might have led her to assess a more restrictive RFC. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The job of the Court is not to re-weigh the evidence, but only to scrutinize the record to determine if substantial evidence is present. *Hollis*, 837 F.2d at 1383; *Harris*, 209 F.3d at 417. Rollins's arguments do not show that the ALJ did not have substantial evidence for his decision on this point.

**B.      The ALJ applied an erroneous severity standard, but the error was harmless.**

At step two of the five-step process, the ALJ determines whether the claimant has an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). As defined in the Social Security Regulations

["Regulations"], a severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Finding that a literal application of these regulations would be inconsistent with the Social Security Act, the Fifth Circuit has held that an impairment is not severe 'only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work.'" *Hall v. Astrue*, No. 3:11-CV-1929-BH, 2012 WL 4167637, at *9 (N.D. Tex. Sept. 20, 2012) (citing *Stone*, 752 F.2d at 1101, 1104–05).

The Fifth Circuit then held that it would "in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. If the ALJ does not use the correct standard, the court must remand the claim to the Commissioner for reconsideration. *Id.*; *see also Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (remanding in accordance with *Stone*). Remand is not required simply because the ALJ did not use *Stone*'s "magic words," but only if, upon a careful reading of the ALJ's opinion, the ALJ did not use the correct "slight impairment" standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986); *Taylor v. Astrue*, No. 3-10-CV-1158-O-BD, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *report and recommendation adopted*, No. 3:10-CV-1158-O, 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011), *aff'd*, 480 F. App'x 302 (5th Cir. 2012) (holding that ALJ applied the correct standard, though he only quoted the Regulations and not *Stone*, because the medical evidence was "entirely consistent" with a finding of nonseverity).

Automatic remand is only required in cases where the ALJ used the incorrect standard and did not proceed past step two. *Holmes v. Astrue*, No. 3:11-CV-2634-G BH, 2013 WL 638830, at

*10 (N.D. Tex. Jan. 25, 2013), *report and recommendation adopted*, No. 3:11-CV-2634-G BH, 2013 WL 646510 (N.D. Tex. Feb. 20, 2013); *see also Jones v. Astrue*, 851 F. Supp. 2d 1010, 1018 (McBryde, J.) (N.D. Tex. 2012) (citing cases). ". . . *Stone* merely reasons that the regulation cannot be applied to summarily dismiss, without consideration of the remaining steps in the sequential analysis, claims of those whose impairment is more than a slight abnormality." *Anthony v. Sullivan*, 954 F.2d 289, 294 (5th Cir. 1992). In cases where the ALJ proceeded to the other steps, courts in the Northern District of Texas apply a harmless-error analysis to decide whether the ALJ's *Stone* error requires remand. *Holmes*, No. 3:11-CV-2634-G BH, 2013 WL 638830, at *10. Harmless error does not apply in "the situation wherein the ALJ commits a *Stone* error by applying an incorrect severity standard, explicitly rejects one or more of the claimant's impairments as non-severe based on that error, and proceeds to the later steps of the sequential analysis only with respect to other claimed impairments." *Jones v. Astrue*, 821 F. Supp. 2d 842, 850 (Toliver, J.) (N.D. Tex. 2011). Though the Commissioner does not cite any of these cases in her response brief, the Court nevertheless concludes that a harmless-error analysis should be applied in cases that go beyond step two, following precedent from other courts in the Northern District.

Rollins argues that "the ALJ failed to assess the effect of Rollins [sic] diabetes upon his RFC." ECF No. 19 at 18. When making her step-two determination, the ALJ stated in her conclusion of that determination that Rollins's "diabetes and liver disease are non-severe as the evidence does not show that these impairments cause more than minimal limitation in ability to perform basic work activities and they are therefore nonsevere impairments." Tr. 24. This is an incorrect statement of the *Stone* severity standard. The ALJ's statements allows for Rollins's diabetes to have a "minimal limitation in ability to perform basic work activities," but *Stone* requires non-severe impairments to "not be expected to interfere with the individual's ability to

work" at all. *See* Tr. 24; *Stone*, 752 F.2d at 1106; *see also Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) (holding that it is error for the ALJ to use as the standard for a non-severe impairment that it "could have, at most, a minimal effect on a claimant's ability to work"). The ALJ clearly misstated the severity standard required by *Stone*.

Therefore the Court will proceed to the harmless-error analysis. In the first place, the ALJ contradicts her statement that Rollins's diabetes is not severe earlier in her opinion in her Finding 3 heading, which includes diabetes as one of Rollins's severe impairments. Tr. 17. The ALJ continued past step two in Rollins's case and considered the effects of his diabetes on his ability to work. Tr. 24–30. In determining Rollins's RFC, the ALJ considered two Function Reports completed by Rollins and noted evidence of diabetes in both Function Reports, including one that stated Rollins's "diabetes makes him feel very sluggish and he wants to sleep all the time." Tr. 26–27. The ALJ also observed at this stage that Rollins took Metformin, which Rollins states is for his diabetes, and had toe and foot pain and numbness, which Rollins states is a result of his diabetes. Tr. 26–27; ECF No. 19 at 19–20.When summarizing Rollins's relevant hearing testimony, the ALJ noted that he stated he was starting insulin that week for diabetes, was taking oral medications, and had diabetic neuropathy. Tr. 27–28. It is clear that the ALJ did consider the effects of Rollins's diabetes past step two. Though at one point the ALJ stated Rollins's diabetes was non-severe, the rest of her opinion is in line with her Finding 3 in which she stated that she considered his diabetes to be a severe impairment. Thus the ALJ's error was harmless.

**C.     The ALJ committed reversible error in not considering Rollins's hypertension as an impairment or its effects on his RFC.**

"As a threshold matter, the Commissioner unquestionably must consider all potential impairments." *Zeno v. Barnhart*, No. 1:03-CV-649, 2005 WL 588223, at *3 (E.D. Tex. Feb. 4, 2005). "In making an RFC assessment, the ALJ must consider all symptoms, including pain, and

the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, and must consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe." *Westover v. Astrue*, No. 4:11-CV-816-Y, 2012 WL 6553102, at *4 (N.D. Tex. Nov. 16, 2012), *report and recommendation adopted*, No. 4:11-CV-816-Y, 2012 WL 6553829 (N.D. Tex. Dec. 13, 2012).

Rollins argues that the ALJ did not evaluate Rollins's claims of hypertension at step two when assessing which impairments were severe. ECF No. 19 at 15. Rollins additionally argues that the ALJ did not consider the effects of his hypertension when making her RFC determination. *Id.* at 20. These arguments are well-taken. Rollins clearly claimed hypertension as a limiting medical condition on his application for benefits. Tr. 280. At his hearing, Rollins's representative began his opening statement by noting that Rollins was diagnosed with COPD, high blood pressure, and diabetes. Tr. 71. The objective medical evidence in the record contains numerous assessments and other mentions of hypertension, essential hypertension, and high blood pressure. Tr. 358, 385–86, 388–89, 392–93, 399–400, 414, 416, 422, 424, 430–32, 437, 441, 443, 445, 511, 535–38, 546–47, 554–55, 573. Hypertension was clearly a potential impairment the ALJ should have considered.

The Commissioner argues that the ALJ did consider Rollins's hypertension as she noted instances of hypertension in her summary of the medical records, including instances where hypertension appeared to have no negative effect. ECF No. 20 at 12–13 (citing Tr. 18, 22). The issue, however, is not that the ALJ did not review the medical records, but that she did not consider Rollins's hypertension as an impairment at step two. *See* Tr. 17, 24. In addition, the ALJ does not mention hypertension at all in her RFC determination. *See* Tr. 25–29. The Commissioner also argues that the ALJ rejected hypertension as a severe impairment because of Rollins's

noncompliance with treatment, but the ALJ did not explicitly tie this noncompliance to Rollins's hypertension, nor can the Court find she implicitly did so, as there is no contextual indication the ALJ considered a potential impairment of hypertension in this section. *See* ECF No. 20 at 13; Tr. 29. The ALJ did not consider Rollins's extensively documented hypertension as an impairment or considered the effects of his hypertension on his RFC. Such is reversible error.

This error derives from the central difficulty the Court has in reviewing the ALJ's opinion, which is that the opinion consists almost entirely of a summary of the evidence and conclusory statements that give the ALJ's determinations at each step. *See* Tr. 15–31. On remand, the ALJ can aid any future reviewing court by more extensively articulating her reasoning, particular to the evidence in this case, for her findings.

**D.    The ALJ did not err by according substantial weight to the SAMCs's opinions.**

Rollins argues that the ALJ improperly relied on the SAMCs' medical opinions. ECF No. 19 at 21. The ALJ noted that she gave "substantial weight" to the SAMCs. Tr. 29. Rollins argues that the SAMC reports were unreliable because they were created before some of the other events described in the medical evidence submitted to the ALJ. ECF No. 19 at 21. Rollins does not argue with particularity as to how those later records contradict the SAMC reports; instead he only cites generally to large page ranges containing those later records. *Id.* (citing Tr. 545–81, 584–694). Nor does Rollins argue that the ALJ improperly favored the SAMC reports over opinions from treating or examining physicians, as there are none such in the record. *See id.*

Rollins cites three cases for his argument that the ALJ should not have given substantial weight to the SAMCs' opinions, but none are on point. He first cites *Villa v. Sullivan,* which allows an ALJ to "rely on a non-examining physician's assessment when, as in this case, those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the

examining physician." 895 F.2d 1019, 1024 (5th Cir. 1990). The court noted that reports from non-examining physicians do not provide substantial evidence when those reports constitute the sole medical evidence presented or when a non-examining physician makes specific medical conclusions that contradict or are unsupported by findings made by an examining physician. Neither is true in this case.

Rollins also cites *Newton v. Apfel*, in which the court held that an ALJ's opinion was in error because it exclusively relied on a non-treating, non-examining physician who did not review all significant records and did not take into account contrary statements from examining physicians. 209 F.3d 448, 456–57 (5th Cir. 2000). This case is inapplicable. Here, the ALJ did not exclusively rely on the SAMCs, as she considered all medical evidence of record. Tr. 29. Nor does Rollins note any true contradictions between the SAMCs' opinions and any evidence, particularly from examining physicians, of which there were none. ECF No. 19 at 21.

Rollins's last cited case is *Frankl v. Shalala*, in which the United States Court of Appeals for the Eighth Circuit held that an ALJ's opinion was not based on substantial evidence because the ALJ relied on state-agency RFC forms that concluded the claimant was not disabled based solely on evidence from before a significant worsening of his condition approximately one year before the hearing. 47 F.3d 935, 938 (8th Cir. 1995). In the instant case, however, Rollins only argues that there are multiple records dated after the SAMCs' opinions, but does not show that they contradict those opinions or that they reflect a change in Rollins's condition. ECF No. 19 at 21.

All three cases cited by Rollins confirm that Rollins cannot cite generally to records dated after an SAMC report and thereby obtain reversal. In order to obtain reversal, Rollins must show that substantial evidence does not support the ALJ's decision because other evidence contradicts

the SAMCs' opinions. If SAMCs' opinions can only provide evidence if they are based on all submitted evidence, then any claimant could obtain reversal in any case before an ALJ merely by submitting a piece of medical evidence created between the date of a medical opinion and an ALJ's decision. Reversal is not warranted on this ground.

**E.    The ALJ did not fail to account for Rollins's moderate difficulties in concentration, persistence, or pace, either in her question to the VE or her RFC determination.**

Rollins argues that the ALJ erred by not accounting for Rollins's moderate difficulties in concentration, persistence, or pace, either in her question to the VE or her RFC determination. ECF No. 19 at 22. The ALJ found that Rollins had moderate difficulties in concentration, persistence, or pace when making her step-two analysis of Rollins's mental difficulties according to the "special technique" set out in 20 C.F.R. § 404.1520a. Tr. 25. The ALJ's first hypothetical question to the VE limited the individual to simple, routine, and repetitive tasks. Tr. 88. The ALJ's second question included the first question's limitations and added a limitation that the individual could not sustain sufficient concentration or persistence, or do simple, routine tasks on a regular, continued basis for an eight-hour workday. Tr. 88–89. The ALJ's RFC determination limited Rollins to simple, routine, and repetitive tasks in the performance of his work. Tr. 25.

Rollins argues that this Court should follow the United States Court of Appeals for the Seventh Circuit in *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010). In that case, the Seventh Circuit held that "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *Id.* at 620–21. The Seventh Circuit held that, in most cases, "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and

pace." *Id.* at 620. However, the Seventh Circuit has held that an RFC for simple, routine tasks and limited interactions with others adequately reflects an assessment for moderate limitations in concentration, persistence, or pace. *Capman v. Colvin*, 617 Fed. Appx. 575, 579 (7th Cir. 2015).

The Fifth Circuit does not place as strict a requirement on the ALJ as the Seventh Circuit did in *O'Connor-Spinner*. In the Fifth Circuit, a hypothetical question posed to a VE need only reasonably incorporate all disabilities of the claimant recognized by the ALJ. *Hardman v. Colvin*, 820 F.3d 142, 149 (5th Cir. 2016); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). An ALJ does not need to expressly name the severe impairments that the ALJ recognized at step two. *Hardman*, 820 F.3d at 148–49. The ALJ's question to the VE is sufficient if it tracks the ALJ's RFC assessment and if the RFC assessment is supported by substantial evidence. *Id.* at 149 & n.3 (citing *Dise v. Colvin*, 630 F. App'x 322 (5th Cir. 2015)); *see also Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008) ("Because the ALJ properly articulated [the claimant's] specific functional limitations in the hypothetical question to the VE, the hypothetical question was valid.") In addition, the claimant must show prejudice arising from the hypothetical question's omission of limitations in concentration, persistence, and pace. *Bordelon*, 281 F. App'x at 422.

The ALJ's findings regarding Rollins's mental limitations at step two need not match the RFC determinations, as one has to do with impairments and the other with function. As the ALJ herself noted, the limitations identified at step two are not a residual functional capacity assessment. Tr. 25. Rather, the analysis taken at the earlier steps provides substantial evidence for the later RFC assessment. *See Hardman*, 820 F.3d at 149 & n.3. Similar cases in the Northern District of Texas have held that reversal is not required where the ALJ does not explicitly include the phrase "moderate limitations" in the VE questions or the RFC. *E.g. Holmes v. Astrue*, No. 3:11-CV-2634-G BH, 2013 WL 638830, at *16 (N.D. Tex. Jan. 25, 2013), *report and*

*recommendation adopted*, No. 3:11-CV-2634-G BH, 2013 WL 646510 (N.D. Tex. Feb. 20, 2013) (affirming the Commissioner where the ALJ found "that Plaintiff's moderate limitation in maintaining concentration, persistence, or pace restricted his RFC only to the extent that he could concentrate for two-hour intervals and understand, remember, and carry out detailed, but not complex, instructions"); *Westover v. Astrue*, No. 4:11-CV-816-Y, 2012 WL 6553102, at *9 ("Based on the facts in this case, the ALJ's RFC determination limiting Westover to only performing work that involved detailed instructions does not appear to be inherently contradictory with the ALJ's finding in the 'special technique' that Westover was moderately limited in his ability to maintain concentration, persistence, or pace."); *Hodgson v. Astrue*, No. 4:07-CV-529-Y, 2008 WL 4277168, at *8 (N.D. Tex. Sept. 16, 2008) ("Hodgson has not demonstrated that a restriction to simple one- and two-step tasks did not adequately accommodate her moderate difficulty maintaining concentration, persistence or pace."). Likewise, here, the ALJ did not commit error by not including moderate difficulties in concentration, persistence, or pace in her question to the VE or her RFC determination, because the functional limitations she did include accounted for those moderate difficulties and were based on the evidence.

Nor has Rollins made any argument that he was prejudiced by the ALJ's questions to the VE or by the ALJ's RFC limitation to simple, routine, and repetitive tasks in the performance of his work. A demonstration of prejudiced is required. *Bordelon*, 281 F. App'x at 422. Remand is not warranted on this ground.

## V.    CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** this action for further proceedings.

It is so **ORDERED** on May 2, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE